## UNITED STATES OF AMERICA *v.* ABRAHAM MANASSE.

### DATED: APRIL 22, 1902.

1. It is not necessary to prove motive for the commission of a crime.
2. Abusive words cannot justify an assault.
3. An assault has been defined to be an unlawful attempt, coupled with a present ability, to commit a violent injury upon the person of another.
4. The word "maliciously" does not involve anything more than a wanton or wilful disregard of right.

CRIMINAL LAW.   INDICTMENT UNDER SECTION 3869 R. S. U. S.

*Robert W. Breckons,* U. S. District Attorney, for the government.

*S. F. Chillingworth,* for defendant.

#### CHARGE TO THE JURY.

ESTEE, J.   Gentlemen of the Jury:   The indictment in this case was found by the Grand Jury under Section 3869 of the Revised Statutes of the United States which provides a specified punishment for any person "who wilfully and maliciously assaults any letter carrier when in uniform while engaged on his route in the discharge of his duty as a letter carrier   *   *   *"

An assault has been defined to be an unlawful attempt coupled with a present ability to commit a violent injury upon the person of another.   To commit such an assault "wilfully", is to commit it intentionally.   To commit it "maliciously", in the language of the statute, does not require that there should be specific malice against the injured party in the mind of the defendant.   The word maliciously does not involve anything more than a wanton or wilful disregard of right.   It does not necessarily import ill will or a grudge against the party injured or a desire to be revenged.   If there be malice, and if it existed as the cause of the unlawful act, it would aggravate the offense, but it is not a necessary element of the offense.

Therefore, if you should be satisfied from the evidence be-

yond a reasonable doubt, that the defendant intentionally and with a wilful disregard of right, wantonly attacked and assaulted Silva, the letter carrier, while he was in uniform, and while engaged in the discharge of his duty as a letter carrier of the United States, then you should find the defendant guilty as charged, although no malice on his part against the defendant Silva has been proven or shown.

The defendant in this case is presumed to be innocent until his guilt shall have been established beyond a reasonable doubt. And in case you entertain a reasonable doubt of his guilt, it will be your duty to acquit him. But by a reasonable doubt, I do not mean any possible or imaginary doubt.

I charge you that reasonable doubt is that state of the case in which after the consideration and comparison of the entire evidence introduced, the minds of the jury are in such a condition that they can say they feel an abiding conviction to a moral certainty of the truth of the charge.

The burden of proof is on the government in this case, but it is not necessary that you should look for any motive for the offense. The prosecution is not bound to prove a motive for the commission of a crime. Motive is one of the facts tending more or less to the identification of the accused or characterizing the criminal act, but it is never, as a matter of fact, essential.

No words however abusive, can justify an assault, and it is wholly immaterial what language if any the complaining witness may have used so far as the guilt or innocence of the defendant is concerned.

In reaching a verdict you are not to be controlled by the number of witnesses on one side or the other, but rather by the character of their testimony and the weight or conviction that it carries to your minds. The evidence of one truthful man testifying may in your judgment, outweigh the testimony of many witnesses.

In reaching a verdict in this case gentlemen, it must be by the unanimous consent of all your members.

You are to be the sole judges of the facts in the case. The law you must take from the court.